Filed 5/20/14  P. v. Terrell CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B247427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA124054) |
| v. | |
| FELIPE VINCENT TERRELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

Galia Amram Phillips, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

After a struggling with police officers who had mistakenly believed he was a parolee they were investigating, Felipe Vincent Terrell was arrested outside a residence for possession of marijuana. During a protective sweep of the residence, officers recovered two assault rifles, ammunition and additional marijuana.

Terrell moved to suppress the evidence found on him and inside the residence. The motion, heard in conjunction with the preliminary hearing, was denied by the court acting in the limited role of magistrate. Terrell was held to answer.

The People filed an information charging Terrell with one count of possession of marijuana for sale (Health & Saf. Code, § 11359) with a special allegation a principal was armed with a firearm (Pen. Code, § 12022, subd. (a)(1)), two counts of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), one count of possession of ammunition (Pen. Code, § 30305, subd. (a)(1)) and three counts of resisting, obstructing or delaying a peace officer (Pen. Code, § 148, subd. (a)(1)). The information specially alleged Terrell had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served four separate prison terms for felonies (Pen. Code, § 667.5, subd. (b)). Terrell pleaded not guilty and denied the special allegations.

Prior to trial, the trial court heard and denied Terrell's motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118). On the morning trial was to begin, Terrell moved to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]). The court denied the request as untimely.

Terrell entered a negotiated plea of no contest to possession of marijuana for sale (Health & Saf. Code, § 11359) and admitted he had suffered one prior strike conviction and had served one separate prison term for a felony. At the time he entered his plea, Terrell was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Defense counsel joined in the waivers of Terrell's constitutional rights. The trial court expressly found Terrell's waivers and plea were voluntary, knowing and intelligent. The trial court sentenced Terrell in accordance with

the plea agreement to an aggregate state prison term of 44 months, consisting of the low term of 32 months (the 16-month lower term doubled under the three strikes law) for possession of marijuana for sale, plus one year for the prior prison term enhancement. The court awarded Terrell presentence custody credit of 388 days and ordered him to pay a $40 court security fee, a $30 criminal conviction assessment, a $50 criminal laboratory analysis fee and a $280 restitution fine. The court imposed and suspended a parole revocation fine. The remaining counts and special allegations were dismissed pursuant to the negotiated agreement.

Terrell filed a timely notice of appeal. His request for a certificate of probable cause was denied. We appointed counsel to represent Terrell on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On November 4, 2013 we advised Terrell he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.[1]

We have examined the entire record and are satisfied Terrell's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1] On December 12, 2013 Terrell, through appointed appellate counsel, filed a petition for writ of habeas corpus in this court, alleging his trial counsel was constitutionally ineffective for failing to renew the suppression motion. We deny the petition by separate order.

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


WOODS, J.


SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.